IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ANKNEY, )
)
           Plaintiff, )
)
v. ) Civil Action No. 10-1290
)
BARBARA WAKEFIELD AND ATHENA )
PETROLIAS, )
)
           Defendants. )

MEMORANDUM

Gary L. Lancaster,                                           February 18, 2011
Chief Judge.

      This is an action in civil rights. Plaintiff, Brad Ankney, alleges that defendants retaliated against him for reporting a violation of their employer's anti-contraband and dangerous weapon policy. Plaintiff further contends that this retaliation violated his First Amendment rights pursuant to Section 1983 of the Civil Rights Act ("Section 1983"). See 42 U.S.C. § 1983. Plaintiff seeks monetary relief, including attorney's fees and costs, as well as damages for emotional distress, lost pay, and pain and suffering. He also seeks reformation of his employment record.

      Defendant, Barbara Wakefield, is a school administrator with the Allegheny Intermediate Unit ("AIU"). Defendant, Athena Petrolias, is the Director of Alternative Education for the AIU.

The AIU is a public body that receives funds from the Commonwealth of Pennsylvania. Ankney asserts three counts against the defendants in their individual and official capacities, including: a First Amendment retaliation claim pursuant to Section 1983, a claim under the Pennsylvania Whistleblower Act, 43 Pa. C.S. § 1421, et. seq., and a tortious interference with contractual relations claim under Pennsylvania law.

Defendants have filed a motion to dismiss. For the reasons that follow, defendants' motion to dismiss will be denied with respect to plaintiff's First Amendment retaliation claim pursuant to Section 1983. The motion to dismiss will be granted with respect to plaintiff's state law claims under the Pennsylvania's Whistleblower Act and plaintiff's tortious interference with contractual relations claim.

I. BACKGROUND

We accept plaintiff's allegations of material facts as true solely for the purpose of rendering an opinion on the motion to dismiss. We will discuss additional facts throughout the memorandum, where applicable.

At all relevant times, Ankney taught at the AIU-Regional Educational Support Center (AIU-RESC). The AIU employs approximately 2,000 employees at 721 sites and operates 12 family centers and three schools for exceptional children, such as the

AIU-RESC. The AIU-RESC instructs disruptive students from school districts throughout Allegheny County. The students have varying degrees of emotional and behavior disorders or learning disabilities. As an employee, Ankney came in daily contact with students at the AIU-RESC.

In the fall of 2008, Ankney began to observe that students at the AIU-RESC frequently possessed illegal and dangerous weapons while at school. During the course of his employment with AIU-RESC, Ankney also became aware of dangerous and aggressive bullying behavior among the students at the AIU-RESC. He reported all dangerous student behavior and contraband to the AIU-RESC's administration.

On or about November 3, 2008, Ankney confiscated a large knife from a student. Ankney reported the incident to Wakefield and Petrolias and filed an incident report. Ankney contends that Wakefield intentionally failed to follow AIU policies and guidelines regarding the possession of a weapon.

On November 6, 2008, Ankney sent Wakefield an email confronting her on the failure to impose discipline. He also expressed concern for his safety in his classroom and the fact that management appeared to be disregarding his safety.

On November 10, 2008, Ankney confiscated a set of brass knuckles from a student. He told Wakefield about the incident. Ankney insisted that Wakefield call the police and file a report.

3

She did not. Therefore, he called the police. In the police report, the police noted that the brass knuckles were made of metal. Ankney contends that Petrolias deliberately instructed an assistant to describe the brass knuckles as plastic. Ankney also contends that Wakefield told him that he was making her look bad, that the police should never be contacted, and that his job was about to become very difficult. On the same day, Ankney contends Wakefield called a staff meeting for all staff and purposely did not invite him.

On December 1, 2008, Ankney made a formal complaint to the Center for Safe Schools regarding his unaddressed complaints about students possessing dangerous weapons on AIU-RESC premises.

On December 22, 2008, Ankney contends that Donna Nieweg, a fellow teacher and one of Wakefield's subordinates, disrupted his classroom improperly by giving selected students candy and other treats during instructional time, an action which was against school policy. Ankney confronted Nieweg about the disruption and an argument ensued. Subsequently, Nieweg reported the argument to Wakefield.

Based upon a recommendation by Wakefield, AIU suspended Ankney for eight days without pay as punishment for the argument with Nieweg. AIU did not suspend or discipline Nieweg for her participation in the argument. Ankney subsequently filed a union grievance and both sides defended themselves in arbitration.

On January 29, 2009, Ankney received an unsatisfactory rating on his performance review. Ankney contends that Wakefield did not follow protocol in evaluating his performance as a teacher and did not abide by the collective bargaining agreement as it relates to observing and conferencing employees. The evaluation also referenced the argument with Nieweg and other non-instructional competencies.

Ankney further contends Wakefield's behavior caused him emotional distress. He also sought medical and psychological treatment for such distress and requested a disability leave from the AIU. Wakefield requested medical and psychological records to justify his request for leave. Ankney provided medical records in his request for leave. However, he contends that some psychological records were withheld by his therapist. Ankney contends that Wakefield and others at the AIU have threatened him with discipline for not providing certain psychological records not in his possession.

On July 12, 2010, the grievance arbitrator found that Wakefield's recommendation to suspend Ankney without pay and AIU's subsequent suspension of Ankney without pay was without merit.

II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Id. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions must be taken as true and all reasonable inferences must be drawn in favor of plaintiff.

Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556.

In light of the United States Supreme Court's decision in Iqbal, the Court of Appeals for the Third Circuit set forth a three-prong test to be applied by district courts in deciding motions to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." . . . Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." . . . Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted). In the end, if, in view of the facts alleged, it can be "reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted." Twombly, 550 U.S. at 563 n.8 (citations omitted).

III.     DISCUSSION

    A.    First Amendment retaliation claim

Wakefield and Petrolias contend that Ankney's First Amendment claim should be dismissed because his complaints were not protected activity. They assert that Ankney was not speaking as a citizen regarding a matter of public concern. He was speaking as a public employee.

Ankney responds by saying that he filed a complaint with the Center for Safe Schools as a private, concerned citizen, and not as a public school employee. The Center for Safe Schools is a separate entity under the direction of the Department of Education that "seeks creative and effective solutions to problems that disrupt the educational process and affect school safety." [Doc. No. 13]. As a teacher, Ankney contends he was neither instructed nor required to report any unsafe activity to the Center for Safe Schools. Rather, he made the complaint after his reports and complaints to his superiors regarding safety concerns went unresolved and ignored.

"Section 1983 creates a cause of action against anyone who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute." Smith v. Sch. Dist. of Phila., 112 F. Supp. 2d 417, 430 (E.D. Pa. 2000). For a public employee to prevail on a Section 1983 claim of

8

retaliation for making complaints, plaintiff must show that "1) his activity is protected by the First Amendment, and that 2) the protected activity was a substantial factor in the alleged retaliatory action." See Knight v. Drye, No. 09-2012, 2010 WL 1473784, at * 2 (3d Cir. 2010) (citing Gorum v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009). "The first factor is a question of law; the second factor is a question of fact." Id. (quoting Hill, 455 F.3d at 241).

Concerning the first factor, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). At the same time, "the Court has recognized that a citizen who works for the government is nonetheless a citizen. The First Amendment limits the ability of a public employer to leverage the employment relationship to restrict, incidentally or intentionally, the liberties employees enjoy in their capacities as private citizens. Id. at 419 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972). Thus, "so long as employees are speaking as citizens about matters of public concern, they must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively." Id.

Concerning the second factor, plaintiff may prove that the protected activity caused the retaliatory conduct in the following two ways. "First, a display of 'unusually suggestive' temporal proximity between the protected activity and the adverse action can be sufficient." Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 369 (3d Cir. 2008). Second, without temporal proximity, a plaintiff also can prove causation "by coming forward with evidence of a pattern of antagonistic conduct against the plaintiff subsequent to his protected conduct." Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997). Next, "the plaintiff can seek to prove causation by pointing to the record as a whole for evidence that suggests causation." Id. (citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000)).

Under our notice pleading standards, we conclude that Ankney has sufficiently alleged grounds which entitle him to relief. He alleges that he participated in protected activity when he made a formal complaint to the Center for Safe Schools. He further contends that this was not a part of his duty as a public employee because the Center for Safe Schools is a separate entity from the AIU and they were not instructed or required to report policy violations to the Center for Safe Schools.

Next, he alleges several instances of adverse action, such as being subjected to discipline without just cause or merit (Doc. No. 1, ¶¶57-63), being subjected to unprecedented review as a

10

teacher (Doc. No.1, ¶¶64-69), being given meritless unsatisfactory ratings (Doc. No. 1 ¶ ¶64-69), and being harassed for medical documents not in his possession (Doc. No. 1 ¶¶ 70-74). Finally, he has alleged a sufficient temporal proximity and pattern of antagonistic conduct to overcome dismissal. The factual and legal claims were separated, and he alleged enough facts to raise a reasonable expectation that discovery could reveal evidence of the necessary elements of his Section 1983 claim. Accordingly, defendants' motion to dismiss Count I will be denied without prejudice.

B.  Pennsylvania Whistleblower Act claim

Wakefield and Petrolias contend that Ankney's claim under the Pennsylvania Whistleblower Act, 43 Pa. C.S. §§ 1424, is time-barred because the complaint was filed October 1, 2010, which was more than 180 days after his complaint to the Center for Safe Schools and the complained of retaliation. Ankney responds by saying that the Pennsylvania Whistleblower Act claim was based upon a continuing pattern of retaliation and thus is not time-barred.

The Pennsylvania Whistleblower Act, 43 Pa. C.S. §§ 1424, states that "a person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation." Despite the use of the word "may," the Pennsylvania Whistleblower Act's 180-day time limit is

11

mandatory, and courts have no discretion to extend it. Mosley v. City of Pittsburgh Pub. Sch. Dist., 702 F.Supp.2d 561, 588 (W.D. Pa. 2010); see Jackson v. Lehigh Physicians Group, 2009 WL 229756 at *5 (E.D. Pa. January 30 2009).

In the present case, Ankney reported misconduct by Wakefield and Petrolias on December 1, 2008 with the formal complaint to the Center for Safe Schools. The retaliation that Ankney complains of happened between December 1, 2008 and January 29, 2009. This retaliatory conduct also occurred more than 180 days prior to filing this complaint.[1] Thus, without looking at the merits of the claim, this complaint is time-barred and Ankney's claim under the Pennsylvania Whistleblower Act will be dismissed, with prejudice.

C. Tortious Interference with contractual relations

Wakefield and Petrolias contend that they should not be held liable for tortious interference with contractual relations because they were acting as agents of the AIU. Ankney responds that Wakefield and Petrolias were acting out of malice and their own interests when interfering with his employment contract with

---

1 Plaintiff filed a union grievance in and around December 2008. He contends that because the grievance arbitration panel did not make a decision until July 2010, the retaliatory conduct at issue was a continuing pattern of retaliation until that date. However, according to the complaint, the specific retaliatory conduct at issue was complete by in and around January 29, 2009. The delay of the arbitration decision will not be considered a part of that conduct.

the AIU. Thus, they were not acting within the scope of their employment.

A tortious interference with contractual relations claim will only lie where a defendant has interfered with a plaintiff's contract with a third party. Daniel Adams Assocs. v. Rimbach Publ'g, Inc., 519 A.2d 997, 1000-01 (1987). "As a general rule, under Pennsylvania law, a corporate entity and its agents are not parties for purposes of contracting and thus a corporation's agents cannot tortiously interfere with its contracts." Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503, 509 (M.D.Pa. 1996)(citations omitted). However, this rule is limited to circumstances in which an agent's conduct occurs within the scope of his or her employment. Id.

In the present case, Ankney has not pleaded sufficient facts to display that Wakefield and Petrolias' actions were acting outside the scope of their employment. Wakefield and Petrolias were corporate officers of AIU when they disciplined Ankney, responded to Ankney's various complaints, and recommended various punishments for what they considered to be infringing behavior. Regardless of the motive or validity of their actions, Wakefield and Petrolias were acting within their scope of authority and, thus, their actions do not give rise to a claim for tortious interference with contractual relations. Accordingly, defendants' motion to dismiss

plaintiff's claim for tortious interference with contractual relations will be granted.

IV.     CONCLUSION

For the foregoing reasons, we hold that defendants' motion to dismiss will be denied with respect to plaintiff's First Amendment retaliation claim pursuant to Section 1983. The motion to dismiss will be granted with respect to plaintiff's claim under Pennsylvania's Whistleblower Act and plaintiff's claim for tortious interference with contractual relations.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD ANKNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-1290 |
| | ) |
| BARBARA WAKEFIELD AND ATHENA PETROLIAS, | ) |
| | ) |
| Defendants. | ) |

ORDER

AND NOW this 18th day of February, 2011, upon consideration of the motion to dismiss [Doc. No. 6] filed by defendants Barbara Wakefield and Athena Petrolias, and the plaintiff's response thereto [Doc No. 14], for the reasons stated in the accompanying memorandum, IT IS HEREBY ORDERED THAT defendants' motion to dismiss is DENIED with respect to plaintiff's First Amendment retaliation claim pursuant to Section 1983. It is further ordered that defendants' motion to dismiss is GRANTED, with respect to plaintiff's claim under the Pennsylvania Whistleblower Act, and GRANTED, with respect to plaintiff's tortious interference with contractual relations claim.

BY THE COURT:

_____, C.J.

cc: All counsel of record