IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ANKNEY,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 10-1290
                                      )
BARBARA WAKEFIELD and ATHENA          )
PETROLIAS,                            )
                                      )
            Defendant.                )
                                      )

MEMORANDUM

Gary L. Lancaster
Chief Judge.                                    November 30, 2011

      This is an action in civil rights. Defendants, Barbara

Wakefield and Athena Petrolias, have filed a motion to preclude

plaintiff from utilizing expert reports in opposition to their

motion for summary judgment [Doc. No. 41].

      Defendants argue that Mr. Ankney cannot rely on expert

reports in opposition to a motion for summary judgment because

he did not provide such reports prior to the end of fact

discovery on August 15, 2011.  Defendants argue that permitting

Mr. Ankney to rely on expert testimony at summary judgment would

constitute an unfair surprise in violation of Federal Rule of

Civil Procedure 26.  Mr. Ankney responds that the disclosure is

timely because it occurred more than 90 days before the April

23, 2012 trial date.  On October 14, 2011, Mr. Ankney provided

the expert report on which he intends to rely as an exhibit to his response to this motion [Doc. No. 44-2].

Federal Rule of Civil Procedure 26(a)(2)(D) provides, in pertinent part: "Absent a stipulation or court order, [expert testimony] disclosures must be made . . . at least 90 days before the date set for trial[.]"  Fed. R. Civ. P. 26(a)(2)(D). Because this Court did not impose a deadline for expert discovery disclosures, and the parties did not stipulate to such a deadline, the default disclosure deadline of 90 days prior to the date set for trial applies.  The trial date for this case is April 23, 2012 [Doc. No. 40].  At the latest, Mr. Ankney provided his expert disclosure on October 14, 2011, more than 90 days prior to the trial date, and in compliance with Rule 26.

Mr. Ankney's use of expert reports in opposition to the defendants' motion for summary judgment will not constitute unfair surprise or prejudice.  The introduction of this expert testimony at the summary judgment stage leaves defendants with ample opportunity to challenge Mr. Ankney's expert. Furthermore, the introduction of expert testimony at the summary judgment stage will be viewed in context and under the appropriate summary judgment standard.  See In re TMI Litigation, 193 F.3d 613, 716 (3d Cir. 1999) ("A trial court is not precluded from granting summary judgment merely because expert testimony is admitted. If, even given the proffered

expert testimony, the proponent still has failed to present sufficient evidence to get to the jury, summary judgment is appropriate.") (internal quotation omitted).

In the interest of fairness, and in light of the recent extension of time to file a motion for summary judgment, the Court will permit defendants to depose the expert, identified as Chester Kent, on which Mr. Ankney will rely in his opposition to defendants' summary judgment motion. This deposition shall occur during the 45 day extension period provided by the Court [Doc. No. 54]. Confining this narrow discovery, limited to a single expert deposition, to the 45 day extension period will not unduly delay this litigation.

Accordingly, defendants' motion to preclude plaintiff from utilizing expert reports in opposition to defendants' motion for summary judgment will be denied. The court will permit defendants' to depose Mr. Ankney's expert in advance of defendants' summary judgment motion. This deposition shall be conducted within the 45 day period provided by the Court's November 28th order [Doc. No. 54], which begins upon issuance of the order accompanying this memorandum.

An appropriate order follows.

A separate order will issue with an amended case management schedule.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ANKNEY,                          )
                                      )
                  Plaintiff,          )
                                      )
          v.                          )   Civil Action No. 10-1290
                                      )
BARBARA WAKEFIELD and ATHENA          )
PETROLIAS,                            )
                                      )
                  Defendant.          )
                                      )

ORDER

AND NOW, this **30th** day of November, 2011, IT IS HEREBY

ORDERED that the Motion to Preclude Plaintiff from Utilizing Expert

Reports in Opposition to Defendants' Motion for Summary Judgment

[Doc. No. 41] is DENIED.

IT IS FURTHER ORDERED that, defendants shall be permitted

to depose plaintiff's expert, Chester Kent, within 45 days of the

date of this Order.

BY THE COURT:

_____ , C.J.

cc:  All Counsel of Record