IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ANKNEY,                       )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Civil Action No. 10-1290
                                   )
BARBARA WAKEFIELD and ATHENA       )
PETROLIAS,                         )
                                   )
            Defendant.             )
                                   )

MEMORANDUM ORDER

Gary L. Lancaster                              May 8, 2012
Chief Judge.

        This is an action in civil rights.  Currently pending
before the court are defendants' motion for summary judgment and
both parties' motions to strike.  By local rule and this court's
order [Docs. No. 56 and 58], plaintiff's response to defendants'
motion  for  summary  judgment,  brief  in  support,  and  all
supporting documents was due on February 27, 2012.  On that
date, plaintiff filed motions to strike defendants' concise
statement  of  material  facts  and  the  affidavit  of  Barbara
Wakefield [Docs. No. 64 and 65].  Defendants responded by filing
a motion to strike plaintiff's motions to strike [Doc. No. 67].

        The  court  will  now  address  the  parties'  competing
motions to strike.  In his motions to strike, plaintiff objects
to  the  admission  of  several  averments  in  the  affidavit  of
Barbara Wakefield on hearsay grounds.  Plaintiff also objects to

seventeen paragraphs in the defendants' concise statement of material facts on hearsay grounds, and to twenty-three paragraphs in the concise statement of material facts because they are immaterial, disputed, or unsupported by the record. Defendants' motion to strike in response argues that plaintiff's filing of a motion to strike facts offered in support of summary judgment is procedurally improper, and does not constitute a timely response to defendants' summary judgment papers.

Evidence that would be inadmissible at trial is inadmissible when deciding a motion for summary judgment. See Gonzalez v. Sec'y of Dep't of Homeland Security, -- F.3d ---, 2012 WL 898609, at *6 (3d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)). But after the 2010 amendments to Federal Rule of Civil Procedure ("Rule") 56, it is no longer appropriate to attack the admissibility of summary judgment evidence by way of a motion to strike. See Smith v. Interim HealthCare of Cincinnati, Inc., Civ. No. 10-582, 2011 WL 6012971, at *4 (S.D. Ohio Dec. 2, 2011); Cutting Underwater Techs. USA, Inc. v. Con-Dive, LLC, Civ. No. 09-387, 2011 WL 1103679, at *3 (E.D. La. March 22, 2011). Consistent with other courts that have dealt with improper motions to strike after the 2010 amendments, the court will construe plaintiff's motions to strike as objections under Rule 56(c)(2). See Cutting Underwater Techs., 2011 WL 1103679 at *3. Because the court will construe plaintiff's

motions to strike as objections to the evidence identified in those motions, defendants will have seven (7) days to respond to plaintiff's arguments.

Defendants also argue that because plaintiff has failed to properly respond to their motion for summary judgment and concise statement of material facts, the court should deem defendants' facts admitted pursuant to Local Rule 56.

Local Rule 56C is unambiguous in its statement of the requirements for opposing a motion for summary judgment. It states that an "opposing party <u>shall</u>" file a responsive concise statement of facts and memorandum of law in opposition within 30 days of service of the motion for summary judgment. LCvR 56C (emphasis added). Consistent with the Local Rules, the court's most recent scheduling order on summary judgment stated: "Deadline to file a Motion for Summary Judgment is on or before 1/27/2012; <u>Any response to said Motion shall be due on or before 2/27/2012</u>; Any reply to a response shall be due on or before 3/13/2012; NO FURTHER EXTENSION WILL BE GRANTED." [Doc. No. 58 (emphasis added)]. There is nothing in the Local Rules or this court's orders that allows plaintiff to circumvent these deadlines by filing a motion to strike.

There is no question that plaintiff has neglected to file a timely response to defendants' motion for summary judgment, which is currently pending. And because the time for

filing a response has expired, the court may only extend that time on a motion under Rule 6(b). Rule 6(b) provides, in pertinent part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). See also Nesselrotte v. Allegheny Energy, Inc., Civ. No. 06-01390, 2009 WL 230703, at *8-10 (W.D. Pa. Jan. 30, 2009)(applying test to determine whether failure to submit timely summary judgment response was excusable neglect).

In his brief in response to defendants' motion to strike, plaintiff requests that, if the court does not agree with the merits of his motions to strike, he "be granted appropriate leave to respond to Defendants' Concise Statement of Material Fact[s]." [Doc. No. 69 at 5]. But no motion to that effect is pending before the court, and plaintiff has offered no explanation for his "blatant failure to follow basic scheduling procedures" and the court's Local Rules. See Oliver v. City of Orlando, Civ. No. 06-1671, 2011 WL 2149363, *2 (M.D. Fla. May 31, 2011) (striking untimely responses to motions for summary judgment). The court will grant plaintiff seven (7) days to file a motion to extend time under Rule 6(b), if he so chooses.

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff is directed to file a motion for leave under Federal Rule of Civil Procedure 6(b) to enable the court to decide whether he will be permitted to file an untimely response to defendants' motion for summary judgment and a counter statement cf material facts. Plaintiff will have seven (7) days from the date of this Order to file such motion. Defendants will have seven (7) days to respond.

(2) Plaintiff's motions to strike the affidavit of Barbara Wakefield and defendants' concise statement of material facts are converted to objections to the evidence specified in those motions. Defendants have seven (7) days from the date of this Order to respond to the objections.

(3) Defendants' motion to strike [Doc. No. 67] is DENIED.

5

It is further ORDERED that the deadlines for both parties' pretrial statements will be extended by fourteen (14) days.  Plaintiff's pretrial statement is now due by May 22, 2012 and defendants' pretrial statement is now due by June 21, 2012.

BY THE COURT:

, C.J.

cc:  All Counsel of Record

6